Charles H. Carpenter
Carpenter Law Firm plc
210 N. Higgins Ave Suite 336
Missoula MT 59802
(406) 543-0511 (voice)
carpentc@carpenterlawfirmplc.com

*Attorney for Defendant Equifax, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

|  |  |
|---|---|
| ELVIS A. JOHNSON, Individually and on Behalf of all Other Similarly Situated, | |
| Plaintiff, | |
| vs. | Case No. _____ |
| EQUIFAX, INC., | **NOTICE OF REMOVAL** |
| Defendant. | |

Defendant Equifax, Inc. ("Equifax") hereby files this Notice of Removal of this action from the First Judicial District Court, Lewis and Clark County, Montana to the United States District Court for the District of Montana.  This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, on the basis of the following facts, which show that this case may be properly removed to this Court:

1.      Equifax has been sued in a civil action entitled *Johnson, et al. v. Equifax, Inc.*, Cause No. BDV 2017-723, Montana First Judicial District Court, Lewis and Clark County (the "State Court Action").  *See* Exhibit A.

2.      Plaintiffs Elvis A. Johnson and others similarly situated ("Plaintiffs") filed their Class Action Complaint ("Complaint") in the State Court Action on September 14, 2017, and served Equifax with it on October 5, 2017.

3.      To date, no further filings have been made in the State Court Action.

4.      As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Equifax has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1446, and CAFA.

## I.  THIS ACTION IS ONE OF OVER TWO HUNDRED SIMILAR SUITS FILED IN FEDERAL COURT IN THE WAKE OF EQUIFAX'S ANNOUNCEMENT OF A DATA SECURITY INCIDENT IMPACTING APPROXIMATELY 145.5 MILLION U.S. CONSUMERS.

5.      Equifax is a global information solutions company.  As part of its business operations, Equifax maintains personal information of millions of U.S. consumers.

6.      On September 7, 2017, Equifax announced a data security breach impacting the personal information of approximately 143 million U.S. consumers (the "Data Breach").  *See* www.equifaxsecurity2017.com.

7.      On October 12, 2017, Equifax notified various attorneys general, including the Montana Attorney General, that approximately 2.5 million additional U.S. consumers were potentially impacted, bringing the total number of U.S. consumers who were potentially impacted to 145.5 million. Declaration of Terry Griffin ("Griffin Decl."), attached as Exhibit 2, at ¶ 7.

8.      On the evening of September 7, 2017, consumers began to file putative class action complaints against Equifax seeking relief related to the Data Breach.  To date, over two hundred lawsuits have been filed against Equifax in United States District Courts across the country.  (Griffin Decl. ¶ 8.)

9.      The gravamen of each of these lawsuits against Equifax is the same: that Equifax failed to adequately safeguard consumers' personal information and that this failure resulted in a data breach of Equifax systems.  Many of these related cases have alleged federal jurisdiction pursuant to CAFA.  *See, e.g.*, *McGonnigal v. Equifax, Inc.*, No. 1:17-cv-03422-WSD (N.D. Ga., filed Sept. 7, 2017); *McHill v. Equifax Inc.*, No. 3:17-cv-01405-BR (D. Or., filed September 7, 2017); *Barker v. Equifax, Inc.*, No. 8:17-cv-1560 (C.D. Cal., filed September 8, 2017); *King v. Equifax, Inc.*, No. 1:17-cv-3157 (S.D. Ind., filed September 8, 2017);  *Rice v. Equifax, Inc.*, No. 1:17-cv-156 (N.D. W. Va., filed September 8, 2017); *Walker v. Equifax Inc.*, No. 5:17-cv-01527-HNJ (N.D. Ala., filed September 11, 2017).

10.      On September 11, 2017, plaintiffs in a related case, *McGonnigal v. Equifax, Inc.*, No. 1:17-cv-03422-WSD (N.D. Ga., filed Sept. 7, 2017), filed a motion for

consolidation and transfer under 28 U.S.C. § 1407 with the JPML in *In re Equifax, Inc., Customer Data Security Breach Litigation*, MDL No. 2800 (J.P.M.L. Sept. 11, 2017) ("*In re Equifax*"). *See In re Equifax,* Dkt. No. 1. That motion seeks to have related actions consolidated with the *McGonnigal* case and transferred to the Northern District of Georgia. Subsequently, multiple plaintiffs in other related cases also filed § 1407 motions seeking consolidation and transfer. *See id.*, Dkt. Nos. 3-4, 10, 19, and 20. Scores of Plaintiffs have filed responses to the § 1407 motions supporting consolidation of these actions, and Equifax too supports consolidation and transfer to the Northern District of Georgia, where it is headquartered. *See id.*, Dkt. No. 281. Additionally, numerous notices of related actions have been filed in *In re Equifax*, and Equifax is aware of many additional related cases that have not yet been noticed to the JPML.

11.     Upon removal, this case likely will be consolidated and transferred along with the other related class actions in federal court if the Judicial Panel on Multi-District Litigation grants the *McGonnigal* Plaintiffs' Section 1407 motion.

## II. EQUIFAX HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

12.     Pursuant to 28 U.S.C. § 1446(a), true and exact copies of all process, pleadings, and orders served on Equifax in this matter are attached as **<u>Exhibit A</u>**. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served

upon counsel for Plaintiffs, and a copy is being filed with the clerk of the Montana First Judicial District Court, Lewis and Clark County.

13. Plaintiffs served Equifax with the Class Action Complaint on October 5, 2017. *See* Exhibit A. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was filed within thirty days after receipt by Equifax, through service or otherwise, of a copy of the "initial pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

14. As of the date of this removal, Equifax has not filed a responsive pleading to any complaint. Equifax reserves all rights to assert any and all defenses or otherwise respond to the operative complaint. Equifax further reserves the right to amend or supplement this Notice of Removal.

15. Venue lies in the United States District Court for the District of Montana, pursuant to 28 U.S.C. § 1441(a), because the original action was filed in a state court located within the District of Montana. Lewis and Clark County is further located within the Helena Division. Venue, therefore, is proper in this District and Division because they are the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

### III.    REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION UNDER CAFA.

16.     The Court has original jurisdiction over this action, and the action may be removed to this Court, under CAFA.

17.     Concerned by abuses of class actions in some state courts, Congress passed CAFA in part "to restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction." Pub. L. No. 109-2, 2(b)(2), 119 Stat. 4 (codified as a note to 28 U.S.C. § 1711).

18.     CAFA expanded Federal court jurisdiction over, and permits removal to Federal court of, certain class actions originally filed in state court where there is not complete diversity between defendants and all members of the purported class. 28 U.S.C. § 1441(a); 28 U.S.C. § 1453. Specifically, CAFA permits removal of class actions filed in state court if:

   a.     any member of the putative plaintiff class is a citizen of a state different than that of any defendant (28 U.S.C. §1332(d)(2(a));

   b.     the members of all proposed plaintiff classes exceed 100 (28 U.S.C. 1332(d)(5)(b)); and,

   c.     the aggregate amount in controversy exceeds $5,000,000, 28 U.S.C. 1332 (d)(2).

19.     As set forth below, this is a putative class action in which: (1) there are more than 100 members in the putative class proposed by Plaintiffs; (2) at least one member of the proposed class is a citizen of a different state than Equifax; and (3)

based upon the allegations in the Complaint and the facts set forth in the Declaration of Terry Griffin, the claims of the putative class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs.  Thus, this Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

### A. Plaintiffs' Proposed Class Consists of More Than 100 Members.

20. In their Complaint, Plaintiffs purport to seek damages on behalf of an alleged class including "[a]ll persons in the state of Montana [] [w]ho had personal or credit data collected and stored by Equifax [and] that was exposed to and/or acquired by unauthorized persons in the Data Breach that Equifax disclosed on September 7, 2017," and that "nearly 368,000 Montanans were affected by the Data Breach." (Compl. ¶¶ 20, 22.)

21. Plaintiffs further allege that the class "is so numerous that joinder of all members in impracticable." (Compl. ¶ 22)

22. As disclosed in its October 12, 2017 letter to the Montana State Attorney General's Office, Equifax determined that approximately 377,052 Montana residents may have had their information impacted by the Data Breach.  (Griffin Decl. ¶ 7)

23. The 377,052 Montana residents disclosed in Equifax's September 7, 2017 letter is the minimum number of individuals whose information may have been impacted in Montana.  (Griffin Decl.  ¶ 7.)

24.    Accordingly, based on the allegations in the Complaint and Equifax's records, the aggregate number of members of the putative class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

**B.    The Requirement for Minimal Diversity is Met.**

25.    This Court has original jurisdiction under CAFA when the parties in a class action are minimally diverse.  *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which -- (A) *any member of a class of plaintiffs is a citizen of a State different from any defendant.* . . . ) (emphasis added).

26.    Plaintiffs seek to represent a class consisting of Montana consumers. (*See* Compl. ¶ 20.)

27.    Equifax is, and was at the time it was served with the Complaint, a corporation duly organized and validly existing under the laws of the State of Georgia. (Griffin Decl. ¶ 4).  Equifax maintains its principal place of business in Georgia. (Griffin Decl. ¶ 4; *see also* Compl. ¶ 2 ("Equifax is a foreign corporation with its headquarters in Georgia.").)  Equifax, therefore, is a citizen of Georgia.

28.    Because the Montana Plaintiffs are diverse from Equifax based on its Georgia citizenship, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.  *See Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 253 (8th Cir. 2012) ("CAFA provides for diversity jurisdiction over a class action if the amount

in controversy exceeds $5 million, any member of the plaintiff class is a citizen of a different state from any defendant, and the class consists of at least 100 persons.").

### C.   The Amount in Controversy Requirement is Satisfied.

29.    This action arises out of Equifax's alleged failure to safeguard the personal and confidential information of its customers as well as Equifax's alleged failure to provide timely notice of the criminal intrusion.  (*See* Compl. ¶¶ 28-42.)

30.    Plaintiffs allege that their claims are "typical of the class." (Compl. ¶ 24.)

31.    Although the Complaint contains only conclusory allegations concerning the speculative harm purportedly suffered by the putative class, Plaintiffs allege that "Mr. Johnson and class members suffered injuries that the statute was meant to protect them against. Namely, their personal confidential information was disseminated to unauthorized third-parties without their immediate knowledge, and without the opportunity to immediately rectify or mitigate any disclosure of that confidential information" and that "[a]s a result of the Data Breach, Mr. Johnson's personal information has been disseminated to unauthorized third-parties, subjecting him to credit harm and identity theft."  (Compl. ¶¶ 40-41.)   Plaintiffs continued by stating that, "Equifax has offered a free year of credit monitoring through its company TrustedID. But this will not protect Plaintiffs beyond a year." (Compl. ¶ 15.) Therefore, Plaintiffs' allegations make it clear that their alleged damages in the case include the cost of purchasing third-party credit monitoring services.

32.    Publicly available information regarding commercial credit monitoring services shows that the cost of credit monitoring typically ranges from $16.95 per month ($169.95 per year) to $29.99 per month ($299.99 per year).  (*See* Griffin Decl. ¶¶ 9-10.)

33.    As noted above, Plaintiffs' Complaint alleges that "nearly 368,000 Montanans were affected by the Data Breach."  (Compl. ¶ 22.)

34.    As set forth above, that class consists of at least 377,052 Montana residents. (*Supra* ¶¶ 22-23.)

35.    Based on the *lowest* available credit monitoring cost of $169.95 per year, over $60 million has been placed in controversy by the allegations in the Complaint and the damages Plaintiffs seek, based on only one year of credit monitoring (Plaintiffs seek a lifetime of monitoring services).[1]

36.    Indeed, given the size of the proposed class, each member need seek less than $1 in order for the $5,000,000 threshold of 28 U.S.C. 1332 (d)(2) to be met.

37.    It is therefore clear that the amount in controversy in this putative class action far exceeds $5 million.

## IV.    CONCLUSION

---

[1] Plaintiffs have not stated a plausible basis for entitlement to this relief (or any of the other relief) and their alleged claims suffer from numerous defects.  Those deficiencies do not impact the amount in controversy, however, as amount in controversy is determined "long before 'evidence' or 'proof' have been adduced."  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). Thus, "[t]he question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties.  That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."  *Id.*

38.    While Equifax believes Plaintiffs have suffered no injury, their claims fail on the merits, and class certification is not appropriate in this action, based on Plaintiffs' allegations and the supporting declaration of Terry Griffin, it is clear that Plaintiffs' complaint: (1) purports to represent a class of more than 100 individuals, (2) presents minimum diversity, and (3) puts in excess of $5 million in controversy.

39.    For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446, 1453, and CAFA, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

40.    Promptly after the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), Equifax will give written notice of this Notice of Removal to Plaintiffs and will file a copy of this Notice of Removal with the Clerk of the Montana First Judicial District Court, Lewis and Clark County.

THEREFORE, Equifax respectfully notes that this action has been removed from the Montana First Judicial District Court, Lewis and Clark County, to the United States District Court for the District of Montana pursuant to 28 U.S.C. §§ 1332, 1441 and 1453.

Respectfully submitted this 24th day of October 2017.

/s/ Charles H. Carpenter
Charles H. Carpenter
Carpenter Law Firm PLC
210 N. Higgins Ave Suite 336
Missoula MT 59802
(406) 543-0511 (voice)
carpentc@carpenterlawfirmplc.com

*Attorney for Defendant Equifax, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel for Equifax, Inc. hereby certifies that a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid, this 24th day of October, 2017, on the following:

> Robert Farris-Olsen
> Scott Peterson
> David K.W. Wilson, Jr.
> Morrison, Sherwood, Wilson & Deola
> P.O. Box 557
> Helena, MT 59624
>
> Angie Sparks
> Clerk of District Court
> PO Box 158
> Helena, MT, 59624-0158

*/s/* Charles H. Carpenter
Charles H. Carpenter
